# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5462 | **DATE** | 6/22/2001 |
| **CASE TITLE** | Carlton L. Shelton vs. Ernst & Young etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter Memorandum Opinion and Order. Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is denied (#23).**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **2** number of notices | Document Number |
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | | JUN 2 5 2001 date docketed | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | | 01 JUN 22 PM 3: 02 | 6/22/01 date mailed notice | |
| AC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLTON L. SHELTON,                        )
                                           )
            Plaintiff,                     )        No. 00 C 5462
                                           )
      v.                                   )        Magistrate Judge
                                           )        Arlander Keys
ERNST & YOUNG, LLP, a Limited              )
Partnership, SYLVIA POZARNSKY,             )
individually and in her                    )
capacity as a Partner of ERNST             )        **DOCKETED**
& YOUNG, LLP.                              )

JUN 2 5 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Carlton L. Shelton's Motion for

Reconsideration pursuant to Federal Rule of Civil Procedure 59(e)[1].

For the myriad of reasons discussed below, Plaintiff's Motion is

denied.

## DISCUSSION

Motions to reconsider serve a limited purpose, and a trial

court should only grant them if there is newly discovered evidence

or a manifest error of law. *Caisse Nationale De Credit Agricole v.*

*CBI Indus. Inc.,,* 90 F.3d 1264, 1269 (7th Cir. 1996)(citation

omitted).   Appeal, not reconsideration, is the time to deal with

the majority of legal errors.   Therefore, a party may not merely

---

[1] Plaintiff does not cite a Federal Rule of Civil Procedure
to support his Motion for Reconsideration.  This Court assumes
his Motion is pursuant to Rule 59(e).

26

reargue what the Court has previously rejected. *Burney v. Thorn Americas, Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997); *see also Shuff v. Consolidated Rail Corp.*, 865 F. Supp. 469, 473 (N.D. Ill. 1994) ("[A] motion to reconsider will not be granted where counsel's memorandum has simply rehashed the same arguments advanced in the original briefing and found inadequate by the Court.") (citation and internal quotations omitted).

Here, Plaintiff asks this Court to reconsider its previous Order granting Defendants' Motion to Dismiss and Motion for Sanctions. However, the only arguments Plaintiff makes to support his Motion for Reconsideration are those that this Court explicitly rejected in its previous Order, and which formed the basis for sanctions. *See generally Shelton v. Ernst & Young, LLP.*, No. 00 C 5462, — F. Supp.2d — , 2001 WL 477230 (N.D. Ill. May 3, 2001). Specifically, Plaintiff asks this Court to revisit the issues of the statute of limitations and the continuing violation theory, as well as whether supervisors can be held individually liable under Title VII. These issues were so frivolous when the Court considered them previously that it granted sanctions. Therefore, as a procedural matter, this Motion is denied, because Plaintiff's counsel has only rehashed previous arguments that were summarily

rejected.

Furthermore, the Motion for Reconsideration was untimely filed, and, therefore, does not even need to be considered by this Court. A motion under Rule 59(e) must be brought within ten days after the entry of judgment. *See* Fed. R. Civ. Proc. 59(e); *see also Otto v. Variable Annuity Life Ins., Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986). Here, Plaintiff's counsel filed his Motion on June 4, 2001 - more than thirty days after this Court's Order of May 3, 2001. Therefore, this Motion is time-barred.

Nonetheless, the Court will consider the merits (or lack thereof) of Plaintiff's Motion for Reconsideration if only to reiterate, again, the frivolousness of his claims. Not only does Plaintiff merely reargue what he previously argued (and in a time-barred fashion), but Plaintiff's counsel has cited bad law and/or law outside of the Seventh Circuit to support his untenuous positions. First, Plaintiff, again, erroneously argues that the statute of limitations did not begin to run until after he was taken off the payroll, and not when he received notice of the discharge. According to Plaintiff, removing him from the payroll in June of 1999 was the final act in a series of discriminatory acts, because, between April 30, 1999 when he was discharged, and

June 15, 1999, when he was taken off the payroll, he and Defendant were involved in ongoing conversations to reinstate him. Plaintiff urges the Court to consider the 1978 Fifth Circuit case, *Thomas v. E.I. Dupont*, 574 F.2d 1324, 1331 (5th Cir. 1978), where the plaintiff was demoted, and then asked his employer to be reinstated and/or transferred. The Fifth Circuit found that, while the plaintiff was demoted outside the limitations period, his subsequent requests for transfer and/or reinstatement - requests that were denied - were additional acts of alleged discrimination. *Id.* However, even if this case were on point[2], it is not good law in this jurisdiction. The Seventh Circuit has repeatedly held that failure to correct a previous act of discrimination is not a new act of discrimination. *See, e.g., Librizzi v. Children's Memorial Medical Center*, 134 F.3d 1302, 1306 (7th Cir. 1998) ("If an employer allows an appeal of the decision . . . the time to sue is

---

[2] Plaintiff in the case *sub judice* was discharged - not demoted. Furthermore, in *Thomas*, the employer turned down the plaintiff's request for a transfer and ostensibly hired a younger man. Therefore, the denial of the transfer was seen as a discrete discriminatory act that occurred within the limitations period. Here, however, Plaintiff only alleges that Defendant failed to correct the previous alleged discrimination. As explained above, the Seventh Circuit has unequivocally held that a failure to correct previous discrimination is not a new act of discrimination.

unaffected - for failure to correct a violation of federal law is not itself a violation of that law.")(citations omitted); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 664 (7th Cir. 1997)("'[A]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.'")(citation omitted). Therefore, to the extent that *Thomas* is helpful to Plaintiff, it is not the law in this jurisdiction, and must be disregarded.[3]

Plaintiff also cites *Moskovitz v. Trustees of Purdue University*, 5 F.3d 279, 282 (7th Cir. 1993) to argue that it was only through the benefit of hindsight that Plaintiff was able to realize that he was a victim of discrimination. According to Plaintiff, he did not realize that he had been discriminated against until after he was taken off the payroll, and not when he was notified of his discharge. However, as Judge Posner explains in *Moskovitz*, if the plaintiff "knows or with reasonable diligence would have known after each act that it was discriminatory and had harmed him, he may not sit back and accumulate all the

---

[3] Plaintiff's reliance on *Santos v. Rush Presbyterian St. Luke's Med. Ctr.*, 641 F. Supp. 353 (N.D. Ill. 1986) is equally misplaced. While it cites *Thomas*, and arguably supports Plaintiff's position (however, it is in the context of a demotion and not a discharge,), it is not good law, as the Seventh Circuit has made clear that a failure to correct previous discrimination is not a new act of discrimination.

discriminatory acts and sue on all within the statutory period applicable to the last one." 5 F.3d at 282. Therefore, *Moskovitz* only undermines Plaintiff's argument here, because being discharged is certainly an adverse employment action that a reasonable plaintiff would know was discriminatory. Furthermore, as explained in this Court's prior Order, the continuing violation theory (which *Moskovitz* discusses), is only applicable if there is at least one discriminatory act within the limitations period. *See Speer, supra,* 123 F.3d at 663 ("A continuing violation theory requires at least one viable charge within the appropriate limitations period.")(citation omitted). Here, the only acts that Plaintiff argues were within the limitations period were a failure to reinstate him (which, as discussed *supra,* is not a discriminatory act) and his being taken off the payroll (which is simply the *effect* of the alleged prior discriminatory act, i.e. his discharge[4]). Therefore, with no discriminatory act within the limitations period, the continuing violation theory, and *Moskovitz,* do not help Plaintiff.

---

[4] *See Librizzi, supra,* 134 F.3d at 1306 ("An adverse decision whose effect is deferred gives rise to a claim when the decision is made, not when the effect is felt. This is commonplace in the law of employment discrimination.")

Finally, Plaintiff informs the Court that there is no general consensus regarding whether individual supervisors may be held personally liable under Title VII. Plaintiff's counsel then proceeds to cite case law from 1993 and 1994 from various district courts in this jurisdiction. However, what Plaintiff's counsel inexcusably fails to realize is that, in 1995, the Seventh Circuit definitively held that individual supervisors may not be held liable under Title VII. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995). As Plaintiff's counsel should know, Seventh Circuit precedent is binding on all district courts within this jurisdiction. Therefore, this argument is rejected as well.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration be, and the same hereby is, DENIED.

DATED: June 22, 2001

ENTER:

ARLANDER KEYS
United States Magistrate Judge